Harold E. Koreman, J.
The infant defendants, their parents and natural guardians, and the defendant MVAIC move by separate motions for judgment dismissing the complaint as to them on the ground that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7). The motions are addressed to the complaint in an action for a declaratory judgment seeking to have a policy of automobile liability insurance issued to the defendant Clinton J. Garrett declared null and void, and for a rescission of the contract of insurance. The complaint also seeks a declaration that in the event the court makes such a determination the infant defendants, their parents, and the defendant MVAIC are bound by a judgment of nullity of the insurance contract.
It is alleged in the complaint that the defendants Garrett and Raymond W. Daniels induced the plaintiff to issue a policy of insurance to Garrett by misrepresentation and fraudulent concealment as to the true owner of the vehicle. It is also alleged that the defendant Garrett breached the terms and conditions of the insurance policy by neglecting to assist and co-operate with plaintiff in the defense of the actions for personal injuries brought on behalf of the infant defendants against the defendants Garrett and Daniels.
It is noted that this action was commenced some 21 months after plaintiff undertook the defense of the negligence actions' brought against the defendants Garrett and Daniels on behalf of the infant defendants; that pretrial procedures were com *1039 pleted and those actions were placed on the Ulster County Supreme Court Calendar for the April 1966 Term.
A careful examination of the several causes of action alleged against the various defendants reveals that the gravamen of the complaint and the basis for the relief sought is the alleged fraud and deceit practiced on the plaintiff by the defendants Garrett and Daniels in inducing plaintiff to issue the policy of insurance. Since it is not disputed that plaintiff failed to give the named insured the notice of termination of the policy by cancellation as required by section 313 of the Vehicle and Traffic Law, the holding in Teeter v. Allstate Ins. Go. (9 N Y 2d 655) is controlling here. Giving the allegations of the complaint a liberal construction to which plaintiff is entitled, and assuming the truth of the statements contained therein, they would not form the basis for rescinding the policy or declaring it void ab initio. The statutory method of terminating coverage on notice, prescribed in section 313 of the Vehicle and Traffic Law, is the sole and exclusive method by which insurance coverage, for which a certificate of insurance has been issued under section 312, can be terminated. (Teeter v. Allstate Ins. Co., supra.) As stated in Teeter in the Appellate Division, (9 A D 2d 176, 182) “ Once an insurer issues a binder or insurance policy and gives the insured a certificate of insurance for filing with the, Bureau of Motor Vehicles, it is barred from asserting that the insurance coverage failed to attach on the date of issuance or that it failed to continue in force thereafter, during the period during which the certificate of insurance remained uncancelled. A certificate of insurance constitutes a representation by the insurance company to the public and to the State authorities that valid insurance coverage is in effect ”.
Accordingly, the complaint is dismissed as to the moving defendants.