■ AETNA CASUALTY AND SURETY CO., Appellant, v. CLINTON J. GARRETT et al., Defendants, and ALICE MOLLOY, Individually and as Parent and Natural Guardian of SHARON MOLLOY, an Infant, et al., Respondents.—REYNOLDS, J. Appeal from orders of the Supreme Court, Ulster County, granting motions brought by the Motor Vehicle Accident Indemnification Corporation and respondents Molloy and Haynes dismissing appellant's complaint. On July 9, 1965, appellant issued and delivered to one Clinton J. Garrett a policy of automobile liability insurance covering a 1957 Buick admittedly then registered in his name. Subsequently on August 4, 1965 Lucille Haynes and Sharon Molloy, infants, were injured when, as they were riding in the vehicle which was then being operated by Raymond W. Daniels, it went out of control and turned over. Appellant alleges that although the vehicle was registered in Garrett's name its true owner was Daniels " who had a poor driving record and was therefore not insurable ". In the instant complaint appellant sets forth eight causes of action: the first three causes of action in effect request cancellation of the policy *ab initio* on the grounds that it was fraudulently procured in that Daniels was, in fact, the " true owner " and that Garrett, therefore, had no insurable interest; the fourth cause of action alleges that prior to August 4, 1965 and sometime during the month of July, 1965 Garrett transferred title to the vehicle to Daniels and thus that at the time of the alleged accident the policy of insurance was

of no effect; the fifth cause of action asserts that Garrett has failed to abide by the usual requirements of co-operation in defending the action brought by Molloy and Haynes and seeks exoneration from liability under the policy; the sixth through eighth causes of action merely attempt to join Molloy, Haynes and MVAIC in the suit. As to the first three causes of action, Special Term properly dismissed them upon authority of *Teeter* v. *Allstate Ins. Co.* (9 A D 2d 176, affd. 9 N Y 2d 655). Appellant had under *Teeter* no right to rescind *ab initio* only *in futuro* in view of public policy of this State requiring compulsory insurance. Moreover, as it is undisputed that Garrett was the owner of record of the vehicle and that appellant did issue Garrett a certificate of insurance and an insurance policy, Special Term properly determined that even if Garrett and Daniels were guilty of "fraud and deceit" in concealing the "true ownership" of the vehicle, appellant was still liable as it had not sent Garrett the statutorily required notice of cancellation (Vehicle and Traffic Law, § 313; see, *Matter of Sweers* v. *Malloy*, 28 A D 2d 955; *Allstate Ins. Co.* v. *Matthews*, 40 Misc 2d 409; *Stone* v. *Travelers Ins. Co.*, 40 Misc 2d 164; *Whaley* v. *Jamestown Mut. Ins. Co.*, 53 Misc 2d 590). The claim that Garrett breached the co-operation clause also cannot be upheld as on the facts here present it is clearly barred by laches (*Appell* v. *Liberty Mut. Ins. Co.*, 22 A D 2d 906, affd. 17 N Y 2d 519). Appellant concedes on this appeal that it learned of Garrett's non-co-operation in March, 1967, yet waited nine month before bringing this action. The record also indicates that some 21 months elapsed between the time the answer was filed in the underlying negligence suit and the institution of plaintiff's suit for a declaratory judgment. Such delays were, as a matter of law, unreasonable and appellant cannot now claim lack of co-operation. With respect to the fourth cause of action (upon which the sixth, seventh and eighth causes of action are dependent) the moving affidavit was sufficient to require plaintiff to make a factual showing of the transfer alleged in paragraphs 24 and 25 of its complaint, so as to indicate the specifics thereof, including the time and manner of the transfer asserted, the interest transferred and the status of the registration or record title theretofore and thereafter. In the interests of justice and of expedition as well, each party should have an opportunity to develop factually its contentions with respect to these causes of action. Orders modified, on the law and the facts, so as to limit the dismissals therein directed to the first, second, third and fifth causes of action and so as to direct the rehearing at Special Term of the motions with respect to the fourth, sixth, seventh and eighth causes of action, with permission to the respective parties to adduce such additional proof with respect thereto as they may be advised, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J. [56 Misc 2d 1038.]