■ Middlesex Insurance Company et al., Appellants, v Mederdo Carrero et al., Respondents, and Motor Vehicle Accident Indemnification Corporation, Intervenor-Respondent. — Order of the Supreme Court, New York County (Thomas V. Sinclair, J.), entered November 18, 1983, is unanimously modified, on the law and the facts, without costs, to strike so much of the last decretal paragraph as declares that "plaintiffs' obligations to the defendants under the terms of the policies, are binding prior to the effective cancellation date of the policies in question"; and to grant leave to plaintiff to make application at Special Term, pursuant to CPLR 3211 (subd [e]), for leave to replead and is otherwise affirmed. ¶ Plaintiffs herein, Middlesex Insurance Company and Sentry Insurance, a mutual company, are participants in the New York Automobile Insurance Plan, an assigned-risk pool established under section 63 of the Insurance Law. They appeal from that part of the order below which granted the motion of intervenor, Motor Vehicle Accident Indemnification Corporation, to dismiss the first, fourth and eleventh causes of action of the complaint, pursuant to CPLR 3211 (subd [a], par 7), and denied plaintiffs' motion for a stay of all arbitrations and court actions arising out of or related to the policies of automobile insurance which are the subject of this action. ¶ Plaintiffs allege that they were defrauded by an insurance scheme pursuant to which they, as mandatory participants in the New York Automobile Insurance Plan, were induced to issue policies of motor vehicle insurance to some 24 "insureds" who allegedly were engaged in taxicab businesses in upstate New York, where their vehicles allegedly were operated and garaged and thus were subject to lower premium rates. In truth, however, say the plaintiffs, these "insureds" were merely "management companies" who, although listed as the "registered owners" of the taxis, were not the real owners. They were engaged in the business of procuring insurance coverage for undisclosed gypsy cab owners and operators (the "operational defendants") some of whom were unlicensed and others of whom were uninsurable for other reasons, whose vehicles were operated and garaged in New York City. This action is brought against the "insureds", the "operational defendants", various insurance brokers and parties who have brought claims either in court actions or in arbitration proceedings, arising from accidents in which the "insured vehicles" were involved. Motor Vehicle Accident Indemnification Corporation has intervened and successfully moved to dismiss the first, fourth and eleventh causes of action. The first and fourth causes of action allege the fraudulent misrepresentations by the "insured defendants", the knowing participation therein and ratification thereof by the "operational defendants". Plaintiffs seek both injunctive and declaratory relief declaring that they have no obligations or liabilities under the questioned policies either to defend or indemnify any of the defendants herein, including the "insureds", the "operational defendants", insurance brokers or third-party claimants and to enjoin the "operational defendants" from taking any further action on claims or suits already made or instituted against them or making any further claims or instituting any further suits. The eleventh cause of action seeks injunctive relief against claimants and plaintiffs who have filed claims or brought actions pursuant to or in connection with the challenged policies from prosecuting those claims or suits beyond any stage necessary to preserve any such claims against any time limitations. ¶ Special Term concluded that these causes of action in fact sought to void and cancel the policies of insurance *ab initio* and thus contravened the public policy of this State as expressed in its compulsory automobile insurance laws which provide only for prospective cancellation of such policies and thus abrogate the insurers' common-law right to void a policy from its inception on the ground that it has been obtained through fraud and misrepresentation. (*Aetna Cas. & Sur. Co. v O'Connor,* 8 NY2d 359; *Teeter v*

*Allstate Ins. Co.,* 9 AD2d 176, affd 9 NY2d 655.) ¶ Special Term correctly determined that *Aetna Cas. & Sur. Co. v Garrett* (31 AD2d 710, affd 26 NY2d 729), a case relied upon heavily by plaintiffs, not only failed to support their contentions, but, in fact, confirmed the appropriateness of dismissal of the first and fourth causes of action herein. In *Garrett (supra,* p 711), the Appellate Division pointed out that "Appellant [Aetna] had under *Teeter* no right to rescind *ab initio,* only *in futuro* in view of public policy of this State requiring compulsory insurance. Moreover, as it is undisputed that Garrett was the owner of record of the vehicle and that appellant did issue Garrett a certificate of insurance and insurance policy * * * even if Garrett and Daniels were guilty of 'fraud and deceit' in concealing the 'true ownership' of the vehicle, appellant was still liable as it had not sent Garrett the statutorily required notice of cancellation [citations omitted]". So too, in the case at bar, it appears that the "insured defendants" are the registered owners of the insured vehicles or hold certificates of title to them. Thus, despite the fact that the "insured defendants" and the "operational defendants" may be guilty of "fraud and deceit" in concealing the "true ownership" of the vehicles, Special Term correctly found that appellants are not entitled to cancel their policies because they have not sent the statutorily required notice of cancellation. Unlike *Garrett,* however, there is no claim here of any "transfer" of title to the vehicle(s) which may have affected the effectiveness of these policies at the time of the accidents herein or otherwise. Since appellant lacks the right to cancel the subject policies *"ab initio",* no right to the relief sought in the eleventh cause of action would exist and that cause of action, too, was properly dismissed. ¶ However, in declaring more than that appellants "did not possess the right to void the policies from inception", Special Term's order appears to weigh against possible policy defenses that appellant may otherwise possess. Accordingly, we modify to strike from the last decretal paragraph all after the word "inception" and to grant leave to plaintiff to make application at Special Term, pursuant to CPLR 3211 (subd [e]), for leave to replead, and otherwise affirmed. Concur — Kupferman, J. P., Sullivan, Carro, Silverman and Alexander, JJ.