■ WILLIAM R. KENYON, as Guardian ad Litem of JEFFERY S. BILL, Appellant, v MARION V. NEWTON, Also Known as MARION V. BILL, et al., Respondents-Appellants, and NEW

292

York Central Mutual Fire Insurance Company et al., Respondents, et al., Defendant. Marion V. Newton, Also Known as Marion V. Bill, Third-Party Plaintiff-Respondent-Appellant, v Insurance Co. of North America, Third-Party Defendant-Respondent, and W. W. Coe and Son, Inc., Third-Party Defendant-Respondent-Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, and judgment granted, all in accordance with the following memorandum: Special Term properly denied Newton's motion for summary judgment in her claim to recover for property damage under the collision insurance provision of the New York Central Mutual Fire Insurance Company policy since she did not own or have any insurable interest in the vehicle (see, Insurance Law § 3401; New York Bd. of Fire Underwriters v Trans Urban Constr. Co., 91 AD2d 115, 121-122, affd 60 NY2d 912).

The court erred, however, in holding that because Newton did not own the vehicle, she was not entitled to liability coverage under the New York Central policy. Despite fraud or deceit on the part of the insured, an automobile liability insurance carrier may not rescind coverage ab initio without sending the requisite notice of cancellation (see, Aetna Cas. & Sur. Co. v Garrett, 31 AD2d 710, affd 26 NY2d 729; Teeter v Allstate Ins. Co., 9 AD2d 176, affd 9 NY2d 655). This principle is based on the State's policy requiring compulsory insurance (see, Middlesex Ins. Co. v Carrero, 103 AD2d 694; Aetna Cas. & Sur. Co. v Garrett, supra). Accordingly, we reverse so much of the order as denies Newton's motion for summary judgment against New York Central. The motion is granted to the extent of declaring that New York Central is obligated to defend Newton and indemnify her for any judgments that may be recovered against her arising out of the July 19, 1983 accident.

The court also erred in denying defendant Newton's motion for summary judgment against the defendant Insurance Company of North America which had issued a personal excess liability policy to defendant Newton as the named insured. The fact that defendant Newton was not the owner of the Porsche at the time of the accident may be a defense to any claim of liability against her in the trial of the main action. That the insured in the personal excess liability policy may prove successful on the trial, however, is no reason for determining that there is no coverage in the declaratory judgment action. Under the terms of the policy, the duty to pay does not arise until the obligation in excess of the primary insurance

coverage has been finally determined by judgment or by written agreement of the parties. Accordingly, the motion for summary judgment is granted to the extent of declaring that defendant Insurance Company of North America is obligated to indemnify defendant Newton for any excess judgment in accordance with the provisions of the policy. Inasmuch as the excess policy contains no provision obligating it to provide a defense, that aspect of defendant Newton's request for a declaration is denied.

Because we have determined that Newton is entitled to coverage under the New York Central and Insurance Company of North America policies, there is no basis for defendant Newton's third-party claim against the insurance agent W. W. Coe & Sons, Inc. So much of the order as denies third-party defendant Coe's motion for summary judgment dismissing the third-party complaint against it is reversed and the motion is granted. (Appeals from order of Supreme Court, Monroe County, Galloway, J.—summary judgment.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.