■ WILLIAM R. KENYON, as Guardian ad Litem of JEFFERY S. BILL, Plaintiff, v MARION V. NEWTON, Also Known as MARION V. BILL, et al., Defendants; ELISA NEMYIER, Appellant, and INSURANCE CO. OF NORTH AMERICA, Respondent. (And a Third-Party Action.)—Order unanimously reversed on the law without costs and judgment granted declaring that Nemyier is a covered person under Newton's New York Central policy. Memorandum: In a previous appeal in this case, we held that the liability provisions of the insurance policy issued by defendant New York Central Mutual Fire Insurance Company to defendant Marion V. Newton remained in full force and effect at the time of the accident *(see, Kenyon v Newton,* 115 AD2d 291, *mod* 117 AD2d 1022, *lv dismissed* 67 NY2d 605). The issue raised on this appeal is whether the policy issued by New York Central covers defendant Elisa Nemyier, the driver of the vehicle at the time of the accident. The court denied Nemyier's motion for summary judgment on her cross claim against New York Central for a declaratory judgment requiring the latter to defend and indemnify her in the underlying action. This was error.

Briefly, by way of background, Jeffrey Bill, the injured party in the underlying action and the son of defendant Newton, purchased a 1977 Porsche and registered it in his mother's name. The Porsche was added to Newton's automobile insurance policy issued by New York Central. Prior to the accident, Newton was not aware that the automobile had been regis-

tered in her name, but she nonetheless consented to adding the Porsche to her New York Central policy and paid the premium. For the purpose of this appeal, the fact that Newton was not the owner of the vehicle is of no moment *(see, Kenyon v Newton, supra,* at 292).

When the provisions of an insurance policy are clear and unambiguous, they must be given their plain and ordinary meaning. Courts are not free to rewrite or vary the terms of the contract. Any ambiguity in the policy must be construed in favor of the insured and against the insurer *(see generally, Breed v Insurance Co.,* 46 NY2d 351, *rearg denied* 46 NY2d 940). In this case, the policy language is clear and unambiguous. A "covered person" is simply "any person using your covered auto." Included in "your covered auto" is any vehicle listed in the declarations. The Porsche is listed in the declarations of the policy as the second vehicle. An opposite conclusion as urged by New York Central would require the rewriting of the policy, something which we are not free to do.

New York Central argues, and the court below apparently agreed, that Nemyier cannot be a covered person unless she had the permission of the insured to drive the car. However, acceptance of this argument would also require a rewriting of the policy by this court. The policy does not require that a person have the insured's permission to drive the car before she could be a covered person. If the insurance company wanted to limit coverage to persons having the owner's permission to drive the car, it could have so provided by defining a covered person as "any person using your covered auto with your permission." This it did not do *(see, Sperling v Great Am. Indem. Co.,* 7 NY2d 442, *rearg denied* 8 NY2d 785).

The policy does exclude from coverage any person using the vehicle "without a reasonable belief that that person is entitled to do so". This is a much broader concept than actual permission. In the present case, Nemyier, a friend of Jeffery Bill, with whose permission she was driving the Porsche, certainly had a "reasonable belief" that she was entitled to drive the car, although she may not have had the permission of Newton to drive it. The policy issued by New York Central fully complies with Insurance Law § 3420 (e), which mandates that all liability insurance policies issued in New York State include a clause providing coverage for persons using the insured vehicle with the implied or express permission of the named insured. That the language in the instant policy provides more favorable coverage cannot be ignored *(see,* Insurance Law § 3420 [a]). (Appeal from order of Supreme Court,

Monroe County, Mastrella, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.