◼ In the Matter of PACIFIC INSURANCE COMPANY, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County (Gerard, J.), dated November 6, 1987, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the parties are directed to proceed to arbitration.

On June 5, 1982, Ruth Davis was involved in a hit-and-run automobile accident, while operating a vehicle she had rented from Rent-A-Cheapie Corporation. As a result of the accident, she filed two claims with the petitioner Pacific Insurance Company (hereinafter Pacific), which was the insurer of the vehicle she was operating, to wit: (1) an uninsured motorist claim based on the fact that the other vehicle left the scene of the accident; and (2) a no-fault claim for medical bills, wages, etc. Pacific disclaimed coverage. Thereafter, Ruth Davis filed a claim for no-fault benefits with the respondent State Farm

Mutual Automobile Insurance Company (hereinafter State Farm), which was the insurer of an automobile owned by her, which had no involvement in the accident in question. State Farm paid her no-fault benefits in the amount of $14,451.17.

By summons dated March 21, 1985, Ruth Davis also commenced a personal injuries action against the petitioner Pacific, the respondent State Farm, and Rent-A-Cheapie. Pacific then admitted that it was the primary insurer and settled with Ruth Davis by paying her uninsured motorist claim. State Farm then sought reimbursement from Pacific for the no-fault benefits it had previously paid to Ruth Davis. When Pacific refused, State Farm sought intercompany arbitration. Pacific then sought a permanent stay of arbitration contending that the claim could not be the subject of mandatory arbitration and that the action was barred by the applicable Statute of Limitations. We disagree.

Insurance Law § 5105 (b) provides that mandatory arbitration procedures promulgated by the Superintendent of Insurance for the resolution of disputes arising under section 5105 (a), "shall also be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits". The Supreme Court erred in ruling that the present issue falls outside the jurisdiction of Insurance Law § 5105 and that it is, therefore, not subject to mandatory arbitration, contrary to the clear mandate of 11 NYCRR 65.15 (j) (2), which provides that "If a dispute regarding priority of payment arises among insurers who otherwise are liable for the payment of first-party benefits, then the first insurer to whom notice of claim is given * * * shall be responsible for payment * * *. Any such dispute shall be resolved in accordance with the arbitration procedures established pursuant to section 5105 of the Insurance Law (section 65.10 of this Part)". In addition, 11 NYCRR 65.10 (a) (5) provides in pertinent part that "any controversy between insurers involving the responsibility or obligation to pay first-party benefits (*i.e.*, priority of payment or sources of payment as provided in section 65.15 [j] of this Part) is not considered a coverage question *and must be submitted to mandatory arbitration under this section*" (emphasis supplied). In this case, the petitioner Pacific refused to pay Ruth Davis' claims when they were first presented to it. That refusal raised a question as to "priority of payments" between it and the respondent State Farm, which question must be submitted to mandatory arbitration pursuant to Insurance Law § 5105 and 11 NYCRR 65.10 (a) (5).

We further find that the action is not time barred. The "No-Fault Law does not codify common-law principles; it creates new and independent statutory rights and obligations" *(Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169, 175). That being the case, the action is governed by the three-year Statute of Limitations applicable to liabilities created or imposed by statute (CPLR 214 [2]). "The Statute of Limitations generally begins to run when a plaintiff possesses the legal right to be paid and to enforce its right to payment in court" *(State of New York v Peerless Ins. Co.,* 117 AD2d 370, 373). In the instant case the respondent's right to seek reimbursement of amounts paid to Ruth Davis accrued when the petitioner admitted that it was the primary insurer and paid her uninsured motorist claim. At that point in time, the issue of "priority of payment" as between the carriers was settled. Since Pacific paid Davis' claim only after she had commenced the action against it on March 21, 1985, the demand for intercompany arbitration, dated August 4, 1987, is well within the three-year statutory period *(cf., Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169, *supra).* Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.