■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v NATIONWIDE INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County (Di Noto, J.), dated September 27, 1988, which denied the application.

Ordered that the order is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.

On May 30, 1982, a car operated by Randolph Staley was involved in a motor vehicle accident with a then unknown vehicle. As a result of the accident, Staley's insurer, Nationwide Insurance Company (hereinafter Nationwide), paid a series of claims. Thereafter, Nationwide learned that the offending vehicle was operated by Yancy L. Rodriguez, who had been insured by Aetna Casualty and Surety Company (hereinafter Aetna).

Nationwide sought reimbursement from Aetna, but Aetna refused to reimburse Nationwide, claiming that it had can-

celed Rodriguez's policy before the accident. In response to Aetna's refusal, Nationwide, on or about March 30, 1984, served a "notice to arbitrate". In response to the notice, Aetna again denied that it covered the Rodriguez vehicle at the time of the accident.

The notice to arbitrate was rejected by Arbitration Forums, Inc., on the ground that pursuant to Aetna's answer, Aetna had provided no insurance coverage for the Rodriguez vehicle at the time in question. On February 2, 1988, after a delay of almost four years, and without taking any action with respect to Aetna's claim that on the date of the accident it did not cover the Rodriguez vehicle, Nationwide served another "notice to arbitrate". Thereafter, Aetna brought the instant proceeding seeking a permanent stay of arbitration on the ground that the arbitration demanded by Nationwide was, *inter alia,* time barred by the applicable Statute of Limitations. The court denied the petition. We now reverse.

The question of whether a tort-feasor's carrier did or did not properly cancel the tort-feasor's coverage before the accident is a matter to be determined by the court *(see,* 11 NYCRR 65.10 [a] [5]; *State-wide Ins. Co. v Buffalo Ins. Co.,* 105 AD2d 315, 320). In this instance, the tort-feasor's carrier, Aetna, claimed, from the outset, that it had properly canceled the tort-feasor Rodriguez's coverage, an assertion which prompted the Arbitration Forums, Inc., to reject Nationwide's notice to arbitrate. Rather than litigate the question of coverage by seeking a declaratory judgment—an avenue which would have tolled the Statute of Limitations *(see,* 11 NYCRR 65.10 [d] [5] [i])—Nationwide allowed almost four years to elapse, while the Statute of Limitations expired, before it submitted, in February 1988, yet another notice to arbitrate. Under the circumstances, the order appealed from is reversed, and the petition to permanently stay arbitration is granted. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.