■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v AMICA MUTUAL INSURANCE COMPANY, Respondent.—Order and judgment unanimously affirmed with costs. Memorandum: Petitioner, New York Central Mutual Fire Insurance Company, appeals from a judgment that denied its motion to vacate the award of an arbitration panel in a no-fault loss transfer arbitration proceeding. Petitioner contends that Amica Mutual Insurance Company did not file for arbitration within the three-year Statute of Limitations; that the panel lacked jurisdiction to arbitrate because the issue of no-fault coverage had not been litigated; and that its no-fault disclaimer upon the ground of intoxication should be upheld and the claim by Amica denied.

An insurer who seeks reimbursement of no-fault first-party benefits must file for arbitration of its loss transfer claim within three years from the accrual of that claim (see, Conception v Hew Cab Corp., 114 AD2d 880; State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv., 79 AD2d 858). If, however, the issue of coverage is in litigation, the Statute of Limitations is tolled pending a final determination of that issue (11 NYCRR 65.10 [d] [5] [i]; State-Wide Ins. Co. v Buffalo Ins. Co., 105 AD2d 315). In this case, an action was instituted on behalf of a person injured in the accident seeking a judgment declaring that New York Central was obligated to defend and indemnify the owner of a vehicle and its driver for personal injury claims. That litigation terminated in November 1988 with a declaration that the driver was a covered person under New York Central's policy (see, Kenyon v Newton, 144 AD2d 901; see also, Kenyon v Newton, 115 AD2d 291, mod 117 AD2d 1022, lv dismissed 67 NY2d 605, 852). We conclude that the Statute of Limitations was tolled during the pendency of that litigation. Petitioner's contention that the tolling provision applies only to litigation between insurers is without merit. The language of the regulation does not restrict litigation to actions between insurers. Issues concerning liability coverage can arise in numerous contexts, and we perceive no reason for applying the tolling provision only to litigation instituted by an insurer.

Petitioner's contention that the issue of no-fault coverage must be resolved in litigation before an insurer may seek mandatory arbitration also lacks merit. All disputes concerning an insurer's responsibility for first-party benefits are to be

resolved in the arbitration proceeding, not in the courts *(see,* Insurance Law § 5105 [b]; 11 NYCRR 65.10 [a] [5]; *Matter of Pacific Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 150 AD2d 455, 456; *State Farm Mut. Auto. Ins. Co. v Nationwide Mut. Ins. Co.,* 150 AD2d 976, 977-978). Petitioner contends that it is not liable for first-party benefits because the operator of the vehicle was intoxicated. That argument was not presented to the arbitration panel and is therefore not properly before us. (Appeal from order and judgment of Supreme Court, Monroe County, Patlow, J.—arbitration.) Present—Doerr, J. P., Denman, Balio, Lawton and Lowery, JJ.