■ In the Matter of the Arbitration between SEA INSURANCE COMPANY, Respondent, and NORTHBROOK PROPERTY & CASUALTY INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered July 13, 1989, which granted petitioner's application to confirm an arbitration award and denied respondent's cross application to vacate said award, unanimously affirmed, with costs.

A compulsory arbitration award must be sustained on review provided there exists a rational basis for the award *(Caso v Coffey,* 41 NY2d 153, 158). A rational basis for the award exists since as between a no-fault insurer of a rental vehicle and the no-fault insurer of the nonowner driver, the primary insurance carrier for no-fault benefits is the no-fault insurer of the rental vehicle *(Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818). As no evidence of respondent's alleged "no liability" endorsement was ever produced, the arbitrator properly excluded the claim *(see, Matter of Lebow [Bogner-Seitel Realty],* 55 AD2d 695). The arbitrator complied with the applicable procedural requirements by stating an adequate basis for the award (11 NYCRR 65.10 [d] [4] [vii]; *Republic Claims Serv. Co. v Allstate Ins. Co.,* 160 AD2d 925). Finally, we find no evidence of misconduct or partiality. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.