■ In the Matter of GENERAL ACCIDENT INSURANCE Co., Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE Co., as Subrogee of JOHN MARMOL and Another, Respondent. —Order unanimously reversed on the law without costs and application granted. Memorandum: An insurer seeking reimbursement of no-fault first-party benefits must file for arbitration of its loss transfer claim within three years of the accrual of its claim *(New York Cent. Mut. Fire Ins. Co. v Amica Mut. Ins. Co.,* 162 AD2d 1009; *State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.,* 79 AD2d 858). Respondent State Farm Mutual Automobile Insurance Co. (State Farm) allowed over five years to elapse before demanding arbitration. The Statute of Limitations was not tolled pursuant to 11 NYCRR 65.10 (d) (5) (i), because the issue of coverage was not in litigation

during the limitations period *(see, Matter of Aetna Cas. & Sur. Co. v Nationwide Ins. Co.,* 162 AD2d 525; *cf., New York Cent. Mut. Fire Ins. Co. v Amica Mut. Ins. Co., supra).* Supreme Court erred, therefore, in denying petitioner's application for a permanent stay of arbitration on the ground that State Farm's claim against petitioner is time-barred.

We reject State Farm's argument that petitioner should be estopped from asserting the Statute of Limitations as a defense. State Farm failed to establish that petitioner induced it to forego timely bringing its claim through fraud, misrepresentation or deception *(see, Park Assocs. v Crescent Park Assocs.,* 159 AD2d 460, 461; *Murphy v Wegman's Food Mkts.,* 140 AD2d 973, 974, *lv denied* 72 NY2d 808). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Arbitration.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.