■ EAGLE INSURANCE COMPANY, Appellant, v ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, as Subrogee of KEVIN CAMPBELL, Respondent. [737 NYS2d 603] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered on or about June 18, 2001, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 75 to stay arbitration of a no-fault claim, unanimously affirmed, with costs.

Kevin Campbell, while a passenger in a livery vehicle insured by petitioner Eagle Insurance Company and driven by Joseph Bonne-Annge, was injured when the livery vehicle was involved in an accident with a car owned by respondent ELRAC, Inc. and driven by Keisha Richards. After a trial on the issue of liability, Richards was found 100% liable for the accident. Respondent then settled the case with Campbell. As part of the settlement, respondent paid Campbell's outstanding medical expenses, which petitioner apparently had refused to pay. The general release executed by Campbell expressly preserved his right to collect no-fault benefits from any no-fault provider. Campbell then, in open court and on the record, assigned his right to seek no-fault reimbursement to respondent. Respon-

dent then served petitioner with a demand for arbitration seeking reimbursement of the medical expenses. Petitioner thereafter brought the present proceeding seeking to stay arbitration arguing, inter alia, that there was no arbitration agreement between it and respondent. The petition, however, was properly denied. Having reimbursed Campbell for his medical expenses under the circumstances presented herein, respondent became subrogated to Campbell's claim against petitioner insurer for first-party benefits and was entitled, pursuant to Insurance Law § 5106 (b), to arbitration of that claim. We note, moreover, that Insurance Law § 5105 (b) provides that the "sole remedy of any insurer *or compensation provider* to recover" on a no-fault claim "shall be the submission of the controversy to mandatory arbitration * * * Such procedures shall also be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits" ([emphasis added]; *see, New York Cent. Mut. Ins. Co. v Amica Mut. Ins. Co.*, 162 AD2d 1009).

Petitioner's contentions regarding the merits of respondent's claim are to be determined by the arbitrator (*see, Nassau Ins. Co. v McMorris*, 41 NY2d 701). Concur—Nardelli, J.P., Tom, Andrias, Rubin and Buckley, JJ.