*84 OPINION OF THE COURT
Memorandum.
On the court’s own motion, the decision and order of this court entered March 17, 2004 in the above-entitled action is recalled and vacated and the following decision and the order hereon is substituted therefor.
On the court’s own motion, appeals consolidated for purposes of disposition.
Order unanimously affirmed without costs.
In these actions to recover $7,393.37 in assigned first-party no-fault benefits provided its assignors, with the exception of the claim for $290.64 in the action appealed under calendar No. 2003-469 N C, the entire claim asserted in the action appealed under calendar No. 2003-470 N C, and the claim for $358.04 in the action appealed under calendar No. 2003-471 N C, plaintiff established its entitlement to the benefits prima fade, by proof that it submitted the completed statutory forms setting forth “the fact and amount of loss sustained” (Insurance Law § 5106 [a]; Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [App Term, 9th & 10th Jud Dists 2003]; see Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Defendant’s failure timely to deny any of the claims for which a prima fade case is established (Insurance Law § 5106 [a]; 11NYCKR 65.15 [d] [1]) preduded most defenses thereto (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274,278 [1997]).
However, the preclusion rule does not apply to a defense based on a claim that the alleged aeddent was a staged event in furtherance of a scheme to defraud (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 201 [1997]; Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751, 752 [2002]). Defendant’s proof in each case included, inter alia, examinations of the assignors under oath and an investigator’s affidavit which revealed significant diserepandes in the assignors’ accounts of their activities before and after the aeddent and irregularities with respect to the insured’s various identities and addresses. These raise triable issues of fact as to whether the automobile aeddent was staged. Defendent also argued that the assignors’ statements raised substantial questions of fact as to whether certain of the medical services were not medically responsive to the injuries reported by the assignors or continued long after the reported symptoms abated, and whether said services were fraudulently provided. Although the Court of Appeals has recognized that “rampant fraud” against no-fault insurers, estimated in the year 2000 to be at 1,700% of 1992 levels, is committed largely *85 by medical benefits providers filing inflated treatment claims for minor or nonexistent injuries (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 861, 864 [2003]), we are constrained to conclude that ffadulent claims for excessive or unnecessary medical treatment are subject to the preclusion sanction even where, as here, the services are alleged to have been ffadulently provided (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 285 [1997] [“The tradeoff of the no-fault reform still allows carriers to contest ill-founded, illegitimate and fraudulent claims, but within a strict, short-leashed contestable period and process designed to avoid prejudice and red-tape dilatory practices”]; see also Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d at 861 [“the most common example of the manner in which ... fraud [is] perpetrated consist[s] of exploiting the time lag between the alleged loss and the deadline for submitting proof of the loss, coupled with the reality that insurers are given only 30 days to review and investigate claims before paying them without risk of penalties for denying or delaying a claim”]).
We note that even absent the claim of fraud, the court properly denied summary judgment as to the aforementioned claims for $290.64 and $358.04. The alleged provider claimant was Royalton Chiropractic, EC., on whose behalf the assignor had executed assignment of benefits forms. Royalton is not named as a party plaintiff in either action, and in both supporting affidavits, the deponent, on whose authority the claim forms are sought to be proved, states only that she is an officer of “plaintiff” presumably AB. Medical Services FLLC, the only captioned plaintiff.
The court also properly denied summary judgment as to all claims asserted in the action appealed as No. 2003-470 N C. In an affidavit in support of the motion, Bella Safir alleges merely that she is the “practice and billing manager” and an “officer” of “plaintiff.” Ms. Safir does not state for which named plaintiff she is a manager and an officer. Consequently, the affidavit in which Safir states that “plaintiff” provided defendant with complete claim forms is insufficient to establish said fact inasmuch as the affidavit does not lay the necessary foundation for the admissibility of said forms as to any of the named plaintiffs (see A.B. Med. Servs. PLLC v State Farm Mut. Auto. Ins. Co., 4 Misc 3d 138[A], 2004 NY Slip Op 50903[U] [App Term, 9th & 10th Jud Dists 2004]).
Accordingly, in view of the foregoing, plaintiffs motion for summary judgment was properly denied.
McCabe, EJ., Lifson and Skelos, JJ., concur.