OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Plaintiffs commenced the instant action seeking to recover first-party no-fault benefits for medical services rendered to their assignors, Thomas Nelson, the operator of a motor vehicle rented from defendant’s insured, NYRAC, Inc., doing business as Budget-Rent-A-Car, and Patrice Nelson, a passenger in the same vehicle, both of whom were allegedly injured in an automobile accident on April 11, 2002. Plaintiffs thereafter moved for summary judgment. In support of their motion, plaintiffs submitted an affidavit in which Janet Safir stated that she was the “practice and billing manager” of “plaintiff,” even though there were three distinct plaintiffs in this matter. The affidavit did not indicate for which “plaintiff’ Safir was the billing manager and this court cannot assume that she was acting on behalf of one particular plaintiff or on behalf of all plaintiffs. Consequently, the affidavit is insufficient to establish that plaintiffs provided defendant with properly completed forms (see A.B. Med. Servs. PLLC v State Farm Mut. Auto. Ins. Co., 4 Misc 3d 83 [App Term, 9th & 10th Jud Dists 2004]; A.B. Med. Servs. PLLC v Travelers Prop. Cas. Corp., 4 Misc 3d 135[A], 2004 NY Slip Op 50779[U] [App Term, 2d & 11th Jud Dists 2004]). Accordingly, plaintiffs failed to make a prima facie showing of entitlement to judgment as a matter law. Thus, we find that their motion was properly denied, albeit on grounds other than those relied upon by the court below.
*88 Contrary to defendant’s contention, denial of its cross motion for summary judgment dismissing the complaint was proper. In its supporting papers, defendant alleged that the examination under oath of plaintiffs’ assignor, Thomas Nelson, indicated that the rental vehicle was used as a “temporary substitute” vehicle due to faulty brakes in his own vehicle which was insured by First Beacon Insurance at the time of the accident. Defendant argued that First Beacon Insurance was thereby the primary insurer for the rental vehicle, and that plaintiffs were not entitled to recover no-fault benefits under the Personal Injury Protection Endorsement in the automobile liability policy issued by defendant to NYRAC, Inc., doing business as Budget-Rent-A-Car. The court below denied defendant’s cross motion on the ground that the parties did not provide the insurance policy issued by First Beacon Insurance to plaintiffs’ assignor, Thomas Nelson, in the absence of which it could not be determined whether the policy included a “temporary substitute” clause, “thereby rendering the defendant not responsible for said claim.” We affirm the order insofar as it denied defendant’s cross motion, although not for the reasons set forth by the court below.
Insurance Law § 5105 (b) provides that the mandatory arbitration procedures promulgated or approved by the Superintendent of Insurance for claims arising from section 5105 (a) “shall also be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits” (Matter of Pacific Ins. Co. v State Farm Mut Auto. Ins. Co., 150 AD2d 455, 456 [1989]). The applicable insurance regulations provide in pertinent part that “an applicant who is an operator or occupant of an insured motor vehicle . . . who sustains a personal injury arising out of the use or operation in New York State of such motor vehicle, shall institute the claim against the insurer of such motor vehicle” (11 NYCRR 65-3.12 [a] [1]). The regulations further provide:
“If a dispute regarding priority of payment arises among insurers who otherwise are liable for the payment of first-party benefits, then the first insurer to whom notice of claim is given pursuant to section 65-3.3 or 65-3.4 (a) of this Subpart, by or on behalf of an eligible injured person, shall be responsible for payment to such person. Any such dispute shall be resolved in accordance with the arbitration procedures established pursuant to section 5105 of the Insurance Law and section 65-4.11 of this Part” (11 *89 NYCRR 65-3.12 [b]).
The mandatory arbitration provisions of the insurance regulations expressly set forth that “any controversy between insurers involving the responsibility or the obligation to pay first-party benefits (i.e., priority or payment or sources of payment as provided in section 65-3.12 of this Part) is not considered a coverage question and must be submitted to mandatory arbitration under this section” (11 NYCRR 65-4.11 [a] [6]).
Pursuant to the foregoing authority, it is clear that plaintiffs were entitled to seek recovery of no-fault benefits from defendant under the Personal Injury Protection Endorsement of the defendant’s insurance policy issued to its insured (11 NYCRR 65-3.12 [a] [1]), and that as the first insurer to whom notice of claim was given, defendant was responsible for payment of no-fault benefits (11 NYCRR 65-3.12 [b]). Defendant’s argument that First Beacon Insurance is the primary insurer is no defense to this action and, in any event, raises the disputed issue of priority of payments as between insurers which must be submitted for resolution by mandatory arbitration (see Matter of Pacific Ins. Co., 150 AD2d at 456; Insurance Law § 5105 [b]; 11 NYCRR 65-4.11 [a] [6]). The court below was accordingly without jurisdiction to adjudicate the question of “priority of payments” raised by defendant (see New York Cent. Mut. Fire Ins. Co. v Amica Mut. Ins. Co., 162 AD2d 1009 [1990]; State Farm Mut. Auto. Ins. Co. v Nationwide Mut. Ins. Co., 150 AD2d 976 [1989]; Matter of Pacific Ins. Co. v State Farm Mut. Auto. Ins. Co., 150 AD2d 455 [1989], supra; contra Damadian MRI in Garden City v Progressive Cas. Ins. Co., 196 Misc 2d 245 [Civ Ct, Queens County 2003]). In view of the foregoing, we do not adjudicate the issue of priority of payments between defendant and First Beacon Insurance. We note, however, in passing, that as between a no-fault insurer of a rental vehicle and a no-fault insurer of the nonowner renter, the primary source of coverage for no-fault benefits is the no-fault insurer of the rental vehicle (see Matter of Avis Rent-A-Car Sys., Inc. v GE Auto & Home Assur., 7 AD3d 704 [2004]; Matter of Sea Ins. Co. [Northbrook Prop. & Cas. Ins. Co.], 166 AD2d 327 [1990]; see also Lancer Ins. Co. v Republic Franklin Ins. Co., 304 AD2d 794 [2003]).
McCabe, PJ., Angiolillo and Covello, JJ., concur.