In the Matter of SALVATORE ALAIMO, JR., an Infant, Appellant. RICHARD S. PETERSON, Respondent.— In a proceeding against an infant pursuant to the Children's Court Act of the State of New York, the infant appeals from a judgment of the Children's Court, Rockland County, rendered June 15, 1961 after a hearing, which adjudicated him to be a juvenile delinquent by reason of his violation of section 1293-a of the Penal Law, relating to the larcenous taking and operation of an automobile, and which committed him to a State training school, subject to the provisions of law relating to such school. Judgment affirmed, without prejudice to an application to the Children's Court, Rockland County, for further action not inconsistent herewith. While the judgment when made was proper, we believe that the propriety of the infant's present commitment to the State training school at Otisville should be reconsidered in view of the fact: (1) that the judgment in the companion case (*Matter of Alaimo, Jr.*, 16 A D 2d —) is being reversed; and (2) that the file papers now contain a psychiatric report, made by a physician attached to the staff of the said school, which indicates that the infant may require treatment in some other institution. In our opinion, it is necessary and desirable that the infant's commitment should now be re-evaluated in the light of the stated new facts and of any other relevant facts which may have since developed. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

In the Matter of DONALD BALLETTI, Appellant, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— In a proceeding under section 618 of the Insurance Law, for permission to commence an action against respondent, Motor Vehicle Accident Indemnification Corporation (known as

MVAIC), the petitioner appeals from an order of the Supreme Court, Suffolk County, dated December 5, 1961, which denied his application. Order affirmed, with $10 costs and disbursements. The petitioner was entitled to the permission sought to bring the statutory action, provided he was a "qualified person" within the meaning of the statute (Insurance Law, art. 17-A, § 618). Section 601 of the Insurance Law provides in part that a " ' Qualified person ' means (1) a resident of this state, other than an insured ". Said section also provides that an " ' Insured ' means a person defined as an insured under any policy of insurance issued by any member in connection with motor vehicles containing the provisions required by section one hundred sixty-seven " of the Insurance Law. Since an " insured " is specifically excluded from the definition of " qualified person," the issue is whether the petitioner was an " insured ". On February 20, 1960, in the course of his employment as a police officer, the petitioner was struck by a " hit-and-run " automobile. At the time of the accident, petitioner was a pedestrian who did not own an automobile. However, his wife, who was a member of his household, owned an automobile and was the holder of a liability policy covering it. Such policy contained the standard indorsement required by subdivision 2-a of section 167 of the Insurance Law. This indorsement provided that the " unqualified word ' insured ' means (1) the named insured and, while residents of the same household, his spouse and relatives of either ". It provided coverage for bodily injury caused by uninsured automobiles. As defined in the indorsement, a " hit-and-run automobile " was included in the classification of an uninsured automobile. The indorsement further provided: (1) that the " term ' hit-and-run automobile ' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: * * * there cannot be ascertained the identity of either the operator or the owner of such ' hit-and-run automobile ' " ; and (2) that the " word ' occupying ' means in or upon or entering into or alighting from." It is true that the automobile owned by the petitioner's wife was not physically involved in the accident. Nevertheless, petitioner was an " insured " and hence could not be a " qualified person." We find nothing in the Insurance Law or in the policy indorsement which requires that an " insured," to be such, must be the driver of or otherwise present in an insured automobile. Petitioner's rights, if any, derive from article 17-A of the Insurance Law, from subdivision 2-a of section 167 of the Insurance Law, and from the insurance contract. Section 618 of the Insurance Law does not authorize the bringing of an action by an " insured " ; and, by the terms of the insurance contract, any dispute with reference to petitioner's injuries must be settled by arbitration. Therefore, since petitioner was not a " qualified person " within the meaning of article 17-A of the Insurance Law, his application was properly denied (*Matter of Zuckerman* v. *Motor Vehicle Acc. Ind. Corp.*, 13 A D 2d 574; cf. *Matter of McNair* v. *Motor Vehicle Acc. Ind. Corp.*, 13 A D 2d 339). Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur; Beldock, P. J., dissents and votes to reverse the order and to grant the application, with the following memorandum: In my opinion, this petitioner was a " qualified person " because he was not an " insured ". An " insured " is one whose owned or non-owned automobile or whose spouse's automobile is involved in the accident. A pedestrian does not become an " insured " merely because either he or his wife owns an insured automobile not involved in the accident.