### FOURTH DEPARTMENT, JUNE, 1962

### (June 27, 1962)

■ MICHAEL MATWIJKO et al., Respondents, v. WALTER ZOLADZ LUMBER et al., Defendant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order unanimously reversed, without costs of this appeal to any party and application denied, without costs. Memorandum: The Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court which granted the respondents' application for permission to bring an action against the corporation pursuant to section 618 of the Insurance Law. Raymond Matwijko, an infant 20 years of age, was standing on a street corner in the City of Buffalo when he was struck and injured by a section of fence propelled from a passing truck. The truck did not stop and the applicants have been unable to ascertain the identity of the driver. The truck owner reported to the police that the vehicle had been stolen and its liability insurance carrier has disclaimed for that reason. At the time of the accident, the infant's father was the holder of an automobile insurance policy. Section III thereof affords protection to the insured against damages caused by uninsured motorists, including damages caused by a hit and run automobile. Included in the definition of insured is any relative of the named insured. It is only where no other insurance is available that rights are granted by the statute. Section 601 extends the benefits of the statute only to "qualified persons" and subdivision b thereof excludes insureds. Subdivision (f) of section 611 requires that the applicant show "that no part of the amount to be paid by the corporation is sought in lieu of making a claim or receiving a payment which is payable by reason of the existence of such a policy of insurance or bond". The applicants were insureds under the definition of the statute and hence are not qualified persons. (Appeal from order of Erie Special Term, granting permission to plaintiffs to sue the Motor Vehicle Accident Indemnification Corporation pursuant to article 17-A of the Insurance Law.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN H. MOESEL, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Erie Trial Term convicting the defendant of four counts of forgery, second degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.