OPINION OF THE COURT
Martin B. Stecher, J.
This is an action in which an insurance carrier, Government Employees Insurance Company (GEICO) which paid first-party benefits (Insurance Law, § 672) to its assured, Rubin Kopels and to Kopels’ passenger, Clyne, seeks reimbursement by way of a lien on the injured parties’ recoveries or from the carrier, Royal Globe Insurance Co. (Royal) for Standard News Company (Standard) and Migay Trucking Co. (Migay), owners of the other vehicle in the accident (Insurance Law, § 674, subd 1). The defendant, Kopels, and the plaintiff GEICO seek summary judgment.
In 1976, the Kopels’ action was tried before me, and was settled during the jury’s deliberations. Evidence was adduced that Rubin Kopels while driving along the Major Deegan Expressway, was struck by a panel truck which crossed the divider causing him most serious injury. Evidence was adduced that the vehicle which struck him was owned and operated by Migay and Standard, both of Connecticut. The defendant Vanable, who was not a party in that action, testified that he stole the car from the Connecticut premises of its owner and a day or two thereafter caused the accident *180 which gave rise to Mr. Kopels’ (and Mr. Clyne’s) injuries. The issue in that action was whether, under the law of Connecticut, the vehicle owner was negligent in allowing the vehicle to stand at the point from which it was stolen with the key in the ignition and whether, if negligent, such negligence was the proximate cause of Mr. Kopels’ (and Mr. Clyne’s) injuries.
As indicated above, the issue was never resolved by the jury. During the jury’s deliberations the action was settled by payment to the Kopels of $600,000. A portion of that sum, however, $50,000, was placed in escrow. The escrow agreement, entered on the record as part of the stipulation of settlement, provided in part as follows: "The sum [of $50,000] will be held in escrow, pending the determination of. a lien claimed by Government Employees Insurance Company for first party benefits which have heretofore been paid either to Mr. Rubin Kopels or to physicians and others in his behalf, arising out of this incident.” The amount of first-party benefits paid was apparently $45,063.13. The stipulation went on: "If it be determined that Government Employees Insurance Company does, in fact, have such a lien, then it shall be the obligation of the escrowees after due notice to the plaintiffs themselves, and to the other parties to discharge that lien to the extent that the escrow account may do so. In the event it shall be ultimately determined that Government Employees Insurance Company has no claim against this settlement, it has no lien against this settlement, then and in such event the escrowees, after due notice to the other parties to this stipulation, shall restore the money that is in the escrow account of $50,000 plus accrued interest, to Mr. and Mrs. Kopels, without any other diminution or whatever * * * If they [GEICO] do not have a lien against this recovery, and even if they should have a right in arbitration against Royal Globe Insurance Company, this fund in escrow will not be used to discharge the obligation which may arise out of that arbitartion. It is only to discharge a lien, if any exists, against Mr. and Mrs. Kopels’ recovery.”
The issues are not without complexity. GEICO which insured Kopels, was obligated in the first instance to pay Kopels "first party benefits” (Insurance Law, § 671, subd 2; § 672). However, "[i]n any action by or on behalf of a covered person, against a non-covered person * * * an insurer which paid * * * first party benefits * * * shall have a lien against any *181 recovery to the extent of benefits paid * * * to the covered person.” (Emphasis added; Insurance Law, § 673, subd 2.)
Subdivision 1 of section 674 of the Insurance Law further provides that "[a]ny insurer liable for the payment of first party benefits * * * shall have the right to recover the amount of such benefits so paid from the insurer of any other covered person if and to the extent that such covered person would have been liable, but for the provisions of this article, to pay damages in an action at law.” (Emphasis added.) A "covered person” is defined in subdivision 10 of section 671 of the Insurance Law to include "any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by articles 6 or 8 of the vehicle and traffic law or which is referred to in subdivision two of section three hundred twenty-one of such law”. We are informed that the insurance policies of the defendants Standard and Migay had in effect the financial security required by the Insurance Law.
The resolution of this litigation lies in determining whether or not Standard or Migay "would have been liable, but for the the provisions of this article [Insurance Law, art 18] to pay damages [to Kopels and Clyne] in an action at law.” (Insurance Law, § 674, subd 1.) To state the question is to dispose of the motions for summary judgment. Whether or not Standard and Migay were guilty of negligence under Connecticut law in leaving their panel truck unattended with the keys in it, and whether or not, if they were negligent, that negligence was the proximate cause of the collision, cannot be answered on such a motion and the applications for judgment must be denied. The issue of Standard’s and Migay’s liability must be tried.
But that is not the end of the problem. In what forum shall this issue be decided? Read literally, the Insurance Law may require GEICO to try the issue twice with potentially conflicting results. Subdivision 2 of section 674 of the Insurance Law mandates arbitration as the sole remedy of one insurer against the other. In the absence, however, of their written consents, the Kopels cannot be required to participate in such arbitration (CPLR 7501; Siegel v 141 Bowery Corp., 51 AD2d 209) and they are clearly necessary parties in an action to impress a lien on the escrow fund. The issue of that lien, therefore, can only be determined in an action. The possibility is not remote, under the facts of this case, that GEICO, which is entitled to recover against either Royal or the Kopels, could *182 by reason of inconsistent determinations, recover against neither, should it be required to try its claim against Royal in arbitration and against the Kopels at law.
I am of the opinion from the history of article 18 of the Insurance Law that it was not the intention of the Legislature to require two separate proceedings to resolve a single issue of fact, particularly where there exists the possibility of inconsistent results. "It is fundamental that a statute must be read with the legislative goal in mind, so that controversies generated by ambiguities or gaps in the law may be resolved in accordance with the legislative scheme. (See 1 Kent Commentaries, p 462.) Courts are obligated to apply a statute to the extent possible to accomplish its purpose and to avoid incongruous, unreasonable, or unjust results. If we were to apply the statute in this case simplistically, based on a mechanical reading of language, the legislative purpose of providing a judicial remedy would be denied”. (Matter of Pell v Coveney, 37 NY2d 494, 496.)
Subdivision 2 of section 674 of the Insurance Law (mandating inter-company arbitration) is a statutory sanction to the long-standing and usually successful procedures adopted among industry members in New York State pursuant to the "Nationwide Inter-Company Arbitration Agreement.” As members of that industry pointed out to the Court of Appeals in Matter of American Ins. Co. (Messinger) (43 NY2d 184, 188-189): " 'The inter-company arbitration proceedings, such as the one in the present case, are now firmly embedded in the insurance industry in New York State. These proceedings were intended by the industry to provide an informal procedure whereby disputes which concerned the insurance industry solely could be resolved by carriers pursuant to the procedures voluntarily established by the industry.’ ” (Emphasis added.)
Obviously, this dispute is not limited "solely” to the insurance industry.
Where, as here, a noninsurance company is a necessary party (CPLR 1001), the mandatory arbitration provided for by subdivision 2 of section 674 of the Insurance Law is inapplicable and will not be enforced. I do not mean, of course, that parties who desire to arbitrate may not do so if they choose. I only intend that no party, on this record, will be compelled to do so. In the absence of express consent, the demand that arbitration be ordered must be denied.