■ DEBRA A. WHITEHEAD, Also Known as DEBRA A. BLOTSKY, Plaintiff, v ALLSTATE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent. STATE FARM INSURANCE COMPANY, Third-Party Defendant-Appellant.—In an action by an insured to recover "First party benefits" from her insurer pursuant to section 671 of the Insurance Law, the third-party defendant appeals from an order of the

Supreme Court, Westchester County, entered March 28, 1980, which denied its motion to dismiss the third-party complaint for lack of "jurisdiction". Order reversed, on the law, with $50 costs and disbursements, motion granted, and third-party complaint dismissed. In April, 1975 plaintiff sustained personal injuries while operating a motor vehicle which was involved in an accident with a vehicle driven by one Baron. In May, 1977 plaintiff commenced this action against the Allstate Insurance Company (Allstate) alleging that, as a result of the accident and her injuries, she had suffered "Basic economic loss" (see Insurance Law, § 671, subd 1 [L 1973, ch 13, § 1]), for which she was entitled to be compensated by "First party benefits" to be paid by defendant under a policy of automobile insurance issued by it to plaintiff. (See Insurance Law, § 672.) In April, 1978 Allstate answered the complaint, admitting that its policy covered plaintiff at the time of the accident, but denying that plaintiff had fully complied with her obligations under the insurance policy. As an "affirmative defense", Allstate alleged that plaintiff had not submitted to a physical examination by a doctor selected by Allstate, as required by the policy. In November, 1978 Allstate served a third-party complaint upon the third-party defendant, State Farm Insurance Company (State Farm), in which it alleged that plaintiff's accident had been caused solely by Baron and that, therefore, State Farm, as Baron's insurer, was liable to Allstate for whatever payment Allstate might be required to make to plaintiff as "first party benefits", pursuant to subdivision 1 of section 674 of the Insurance Law. State Farm moved to dismiss Allstate's third-party complaint for lack of "jurisdiction", relying on subdivisions 1 and 2 of section 674 of the Insurance Law, which, at the time of the accident and the commencement of this action (see L 1973, ch 13, § 1), provided, in pertinent part: "1. Any insurer liable for the payment of first party benefits to or on behalf of a covered person shall have the right to recover the amount of such benefits so paid from the insurer of any other covered person if and to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law. 2. The *sole remedy* of any insurer to recover on a claim arising under subdivision one of this section, shall be the submission of the controversy to mandatory arbitration pursuant to procedures to be promulgated or approved by the superintendent." (Emphasis supplied.) In Allstate's attorney's affirmation in opposition to the motion, it was stated that at an undisclosed time, plaintiff and Allstate had "achieved" a settlement of the main action. However, Allstate contended that it was permitted to pursue its third-party complaint against State Farm because it was "part and parcel to the instant action which was properly brought by the plaintiff." Special Term, apparently agreeing with Allstate's contention, denied State Farm's motion to dismiss, finding section 674 of the Insurance Law inapplicable "Under the circumstances prevailing here". We disagree. In our view, this record presents no reason to ignore the clear and express command of subdivision 2 of section 674 of the Insurance Law that a claim such as that embodied in Allstate's third-party complaint be submitted to arbitration. Assuming, *arguendo,* that there might be some rare instances in which "judicial economy", the interest in avoiding inconsistent results, or the plaintiff insured's right not to be subjected to arbitration unless he so chooses (see Insurance Law, § 675, subd 2),

might overcome the express command of subdivision 2 of section 674, this is not one of those instances. Apart from the fact that the main action had been settled before or during the pendency of State Farm's motion, "judicial economy" would not be served by permitting the third-party action to proceed in court because the primary factual and legal issues involved therein are wholly different from those involved in the main action. More specifically, to recover in the main action plaintiff need have proved only that she had suffered compensable injuries as a result of the accident and that she had complied with the insurance policy in all relevant respects. The primary issue in the third-party action would be the comparative fault of plaintiff and Baron, an issue irrelevant to the resolution of the main action. From this it is also apparent that there is no possibility that prosecution of the main action in court and arbitration of the claim embodied in the third-party complaint could produce inconsistent results. Finally, dismissal of the third-party complaint does not infringe upon plaintiff's right to pursue her rights by lawsuit, rather than by arbitration, since plaintiff has no legal interest in the outcome of the third-party action or the manner in which that outcome is achieved and is not a necessary party to the third-party action. (See *Government Employees Ins. Co. v Royal Globe Ins. Co.*, 94 Misc 2d 178.) Mollen, P. J., Lazer, Cohalan and Margett, JJ., concur.