■ PARAMOUNT INSURANCE COMPANY, Appellant, v ALLAN MICCIO et al., Respondents. (Matter No. 1.) PARAMOUNT INSURANCE COMPANY, Appellant, v ALLAN MICCIO, Respondent. (Matter No. 2.)—In (1) an action, *inter alia,* for a judgment declaring that Paramount Insurance Company is not obligated to pay no-fault insurance benefits to the respondent Allan Miccio (matter No. 1), and (2) a related proceeding by Paramount Insurance Company for a stay of arbitration (matter No. 2), Paramount Insurance Company appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated June 15, 1989, as, in matter No. 1 granted the respondent Statewide Insurance Company's motion, *inter alia,* to compel arbitration, and (2) a judgment of the same court, dated December 12, 1989, which, in matter No. 2, dismissed the petition for a stay of arbitration.

Ordered that the order dated June 15, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment dated December 12, 1989, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The facts underlying this appeal are not in substantial dispute. The respondent Allan Miccio owned an automobile

which was insured by the respondent Statewide Insurance Company (hereinafter Statewide). Mr. Miccio's girlfriend, Lisa Marie Rongo, owned an automobile which was insured by Paramount Insurance Company (hereinafter Paramount). On November 19, 1988, after spending a social evening with Ms. Rongo, Mr. Miccio drove to his home in his automobile with Ms. Rongo following in her car. Upon reaching his destination, Mr. Miccio parked his car at the side of the road, turned off his ignition and alighted from his vehicle. He walked back six or seven feet to where Ms. Rongo had stopped her car and as he leaned into her vehicle through its open driver's side window to give her a goodnight kiss, he was struck by an unidentified hit-and-run vehicle and sustained serious physical injuries.

Mr. Miccio, who suffered, *inter alia,* a shattered pelvis and who incurred more than $25,000 in medical and related expenses, first filed a no-fault insurance claim with Paramount, Ms. Rongo's insurer, pursuant to the policy's uninsured motorist endorsement. Paramount, however, denied coverage of Mr. Miccio and instead suggested that he file a claim with his own "family [policy]" or through the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). Mr. Miccio then filed a no-fault claim with his automobile insurer, Statewide, which similarly denied coverage on the ground that its insured's injuries arose out of the use or operation of Ms. Rongo's automobile. Statewide's denial suggested that Mr. Miccio file a claim with Paramount. Undoubtedly thoroughly frustrated by this time, Mr. Miccio served a demand for arbitration on January 13, 1989, and three days later Paramount commenced the instant action, *inter alia,* for a judgment declaring that Statewide, and not Paramount, should pay Mr. Miccio's no-fault benefits. Statewide cross-moved, *inter alia,* to dismiss Paramount's complaint. Mr. Miccio, who had previously withdrawn his arbitration demand, filed his own "cross motion" which essentially asked that the court determine "which carrier is legally responsible so that I may receive the no-fault benefits justly due me". The court, *inter alia,* ordered the parties to proceed to arbitration.

Paramount's subsequent petition for a stay of what it alleged was yet a second arbitration commenced by Mr. Miccio was similarly dismissed. These appeals by Paramount ensued.

Contrary to Paramount's contentions, the court correctly ordered the instant matter to proceed to arbitration. Insurance Law § 5105 (b) unambiguously provides that mandatory arbitration shall be used to resolve all disputes between

insurers concerning their responsibility for the payment of first-party benefits *(see also,* 11 NYCRR 65.10). As the attorneys for both insurers conceded at the oral argument of the appeal, depending upon the determination of Mr. Miccio's status as either a passenger of Ms. Rongo's vehicle or a pedestrian, either Paramount or Statewide will be responsible for payment of Mr. Miccio's no-fault benefits. Clearly this is an inter-company dispute subject to mandatory arbitration *(see, Whitehead v Allstate Ins. Co.,* 79 AD2d 654) and as an automobile owner with a valid policy of insurance issued in this State, Mr. Miccio was an insured *(see,* Insurance Law § 5202 [i]; *see,* 70 NY Jur 2d, Insurance Law, § 1523). He would thus have been ineligible to proceed against MVAIC *(see, e.g, Matter of Balletti v Motor Vehicle Acc. Indem. Corp.,* 16 AD2d 814; *Matwijko v Zoladz Lbr.,* 16 AD2d 1024).

Furthermore, the court correctly denied Paramount's motion to stay the second arbitration instituted by Mr. Miccio. This second proceeding, for a determination of the amount of no-fault benefits payable was commenced pursuant to Insurance Law § 5106. As this statute envisions prompt payment of benefits to injured insureds *(see, e.g., Montgomery v Daniels,* 38 NY2d 41) under the facts of this case we cannot agree with Paramount's contentions that this arbitration proceeding should have been stayed.

We have reviewed the appellant's remaining arguments and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.