■ PARAMOUNT INSURANCE COMPANY, Appellant, v ALLAN MICCIO, Respondent and Third-Party Plaintiff-Respondent. STATE WIDE INSURANCE COMPANY, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about April 7, 1992, which granted motions by defendant claimant and third-party defendant insurer to reargue a prior order of the same court staying the action pending inter-company arbitration between plaintiff insurer and third-party defendant insurer, and, upon reargument, directed the parties to trial on the issue of damages only, unanimously affirmed, with costs.

The issue of liability in this action de novo pursuant to Insurance Law § 5106 (c) was resolved in prior litigation

before the Second Department *(Paramount Ins. Co. v Miccio,* 169 AD2d 761, *lv denied* 78 NY2d 851). The validity of 11 NYCRR 65.15 (k) (3) and its unmistakable imposition of primary liability upon the insurer first contacted by the claimant, here plaintiff, having been fully litigated and determined adversely to plaintiff, that issue may not be relitigated by plaintiff in this action *(see, Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307). Plaintiff's statutory right to disavow the Master Arbitrator's award does not extend to issues that were not a part of the arbitration but, rather, were decided in court. There being no dispute as to plaintiff's initial, if not ultimate, liability to pay defendant claimant's benefits, the IAS Court properly directed the parties to proceed to trial immediately only on the issue of the amount of those benefits. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.