■ NEW HAVEN PROPERTIES LTD., Respondent, v SERGEY GRINBERG et al., Appellants, et al., Defendants. [741 NYS2d 206] —Order, Supreme Court, New York County (Helen Freedman, J.), entered November 13, 2000, which, inter alia, granted plaintiff's motion for partial summary judgment on its causes of action against defendants for conversion and money had and received, unanimously affirmed, with costs.

It appears that plaintiff, which finances import-export ventures, deposited $2 million, on behalf of a customer, in an account controlled by defendants, which also finances import-export ventures, and that defendants agreed to return the money to plaintiff in the event a certain letter of credit was not issued. The letter of credit was not issued but defendants refused to return the deposit. At first defendants represented,

both in writing and to the court, that they took possession of the deposit to offset a debt allegedly owed them by plaintiff's customer in connection with an unrelated transaction, but defendants now assert that the money was seized by the bank to which it had applied for the letter of credit. Apart from the fact that this revised version of events has no support in and indeed is contradicted by the record, defendants fail to explain their prior admission that they took possession of the deposit, and thus are bound by that admission (*see, Matter of Union Indem. Ins. Co. of N.Y. v American Centennial Ins. Co.*, 89 NY2d 94, 103-104). Defendants' argument that they should be permitted further disclosure so as to show that plaintiff and its customer are alter egos is supported only by conjecture. In any event, defendants cannot offset the subject liquidated, past due liability against the disputed, unliquidated liability it claims against plaintiff's customer (*see, Spodek v Park Prop. Dev. Assoc.*, 263 AD2d 478, 478-479). Concur—Nardelli, J.P., Tom, Buckley, Rosenberger and Ellerin, JJ.