■ JAMES M. DUHE, an Infant, by His Father and Natural Guardian, JOSEPH J. DUHE, III, et al., Appellants, v HORACIO J. MIDENCE et al., Defendants, and THE NEW YORK TIMES, Respondent. [767 NYS2d 585]—

Order, Supreme Court, New York County (Milton Tingling, J.), entered August 9, 2002, which, inter alia, denied, in part, plaintiffs' motion seeking additional discovery, unanimously affirmed, without costs.

Although defendants, individually, may, within the time prescribed by CPLR 3122, have failed to challenge the propriety of certain of the discovery requests, inquiry into the propriety of such discovery requests was not foreclosed, the requests having been palpably improper by reason of the irrelevance of the material sought (*see Perez v Board of Educ. of City of N.Y.*, 271 AD2d 251 [2000]).

The motion court properly exercised its discretion in denying plaintiffs' request for a specific deposition witness and allowing defendant Tri-State Newspaper Service, Inc. to produce a different additional witness in light of plaintiffs' failure to demonstrate a substantial likelihood that the witness they desired to depose possessed information material and necessary to the prosecution of their case (*see Saxe v City of New York*, 250 AD2d 751 [1998]). The court properly precluded inquiry by plaintiffs at deposition into the negotiation and formation of the independent contract executed by the offending newspaper delivery driver with Tri-State. Plaintiffs made no showing that the integrated independent contract was ambiguous so as to render extrinsic evidence relevant upon the issue of the contracting parties' intent (*see generally A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 33 [1998]). Discovery of certain documents sought by plaintiffs to support their conjecture that liability may be established based on an alter ego theory was properly denied (*see e.g. New Haven Props. v Grinberg*, 293 AD2d 386 [2002]), particularly since the integrated agreements between the various defendants render such a theory legally insufficient. We note that the court granted plaintiffs' request for a copy of the City and Suburban contract. We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin and Gonzalez, JJ.