OPINION OF THE COURT
Per Curiam.
Judgment, entered on or about February 15, 2007, affirmed, with $25 costs.
Plaintiff, a health services provider, commenced this action to recover first-party no-fault benefits for health services rendered to plaintiffs assignor (Burgos), who was involved in a motor vehicle accident on August 4, 2003. At the time of the accident, Burgos was driving a rental car owned by nonparty Manhattan Ford Lincoln Mercury, Inc. and allegedly insured by nonparty Fidelity and Guaranty Insurance Company. Burgos’ insurer, defendant Government Employees Insurance Company (GEICO), denied plaintiff’s no-fault claim on the ground that no-fault benefits were payable by Fidelity. GEICO stipulated to plaintiff s prima facie case and raised as its sole defense that it was not obligated to pay plaintiffs claim since Burgos’ insured vehicle was not involved in the accident and the payment of first-party benefits was the sole responsibility of Fidelity, as Manhattan Ford’s insurer. After trial, the court awarded judgment to plaintiff, holding that GEICO’s objection to payment did not raise an issue of coverage, but rather one of priority of payment, which under Insurance Law § 5105 (b) and applicable regulations must be submitted to arbitration.
Civil Court properly determined that it could not adjudicate the threshold issue raised at trial by GEICO, viz., whether it or Fidelity was primarily responsible for the payment of the first-party benefits sought by plaintiff. Under Insurance Law § 5105 (b), arbitration shall be “utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits” (Matter of Pacific Ins. Co. v State Farm Mat. Auto. Ins. Co., 150 AD2d 455, 456 [1989]). GEICO’s argument that its denial of benefits raised an issue of coverage because it was not “otherwise liable” for the payment of first-party benefits (see 11 NYCRR 65-3.12 [b]) is unavailing, since it ignores the endorsements contained in its own insurance policy, which expressly provided Burgos with rental and substitute *45 automobile coverage. Where, as here, more than one insurance policy provides coverage for a no-fault claim, the issue becomes one of priority of payment. 11 NYCRR 65-4.11 (a) (6) pertinently provides that “any controversy between insurers involving the responsibility or the obligation to pay first-party benefits (i.e., priority of payment or sources of payment as provided in section 65-3.12 of this Part) is not considered a coverage question and must be submitted to mandatory arbitration under this section.” GEICO, as “the first insurer to whom notice of proof of claim [was] given” (11 NYCRR 65-3.12 [b]), was obligated to pay the no-fault benefits for the health services provided by plaintiff, irrespective of any issues relating to the priority or source of payment. Since GEICO denied payment of plaintiffs claim on the stated ground that no-fault benefits were payable by Fidelity, its denial raised a question concerning the responsibility or obligation to pay first-party benefits, an inter-company dispute which must be resolved through mandatory arbitration (see Paramount Ins. Co. v Miccio, 169 AD2d 761 [1991]; Pacific Ins. Co. v State Farm, 150 AD2d at 456), not by way of a defense to plaintiffs plenary no-fault action.
McKeon, RJ., and Heitler, J., concur.