■ M.N. Dental Diagnostics, P.C., as Assignee of Daniel Burgos, Respondent, v Government Employees Insurance Company, Appellant. [916 NYS2d 598]—

Order of the Appellate Term of the Supreme Court in the First Judicial Department, entered June 24, 2009, which affirmed an order of the Civil Court of the City of New York, Bronx County (Julia I. Rodriguez, J.), entered on or about February 15, 2007, finding the issue of which insurer is the primary insurer must be submitted to arbitration, unanimously affirmed, with costs.

Insurance Law § 5105 (b) requires that mandatory arbitration be used to resolve all disputes between insurers as to their responsibility for the payment of first-party benefits. 11 NYCRR 65-3.12 (b) provides that "[i]f a dispute regarding priority of payment arises among insurers who otherwise are liable for the payment of first-party benefits, then the first insurer to whom notice of claim is given . . . shall be responsible for payment to such person. Any such dispute shall be resolved in accordance with the arbitration procedures established pursuant to section 5105 of the Insurance Law and section 65-4.11 of this Part."

Defendant argues that its denial of benefits raised an issue of coverage, rather than of payment, because it was not "otherwise . . . liable" for the payment of first-party benefits. However, 11 NYCRR 65-4.11 (a) (6) provides that "any controversy between insurers involving the responsibility or the obligation to pay first-party benefits (i.e., priority [of] payment or sources of payment as provided in section 65-3.12 of this Part) is not considered a coverage question and must be submitted to mandatory arbitration under this section." Thus, as "the first insurer to whom notice of claim [was] given" (11 NYCRR 65-3.12 [b]), defendant was responsible or obligated to pay the no-fault benefits for the health services provided by plaintiff, irrespective of any issues of priority or source of payment. By denying plaintiff's claim on the stated ground that no-fault benefits were payable by another insurer (Fidelity and Guaranty Insurance Co.), defendant raised an issue as to which insurer was obligated to pay first-party benefits, which "[c]learly . . . is an inter-company dispute subject to mandatory arbitration" (see Paramount Ins. Co. v Miccio, 169 AD2d 761, 763 [1991], lv

*denied* 78 NY2d 851 [1991]; *Matter of Pacific Ins. Co. v State Farm Mut. Auto. Ins. Co.*, 150 AD2d 455, 456 [1989]). Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 24 Misc 3d 43.]**