Khatskevich v Victor (2020 NY Slip Op 03478)





Khatskevich v Victor


2020 NY Slip Op 03478


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


151658/14 11685A 11685

[*1] Yevgeniya Khatskevich, Plaintiff-Respondent,
v
Adam Victor, Defendant-Appellant, Transgas Energy Systems Corp., et al., Defendants.


Schlam Stone & Dolan LLP, New York (John F. Whelan of counsel), for appellant.
Law Offices of John T. Brennan, Brooklyn (John T. Brennan of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 29, 2019, which, after in camera review, denied defendant Adam Victor's motion to compel plaintiff to produce her application for a T visa, unanimously reversed, on the law, without costs, and the case remanded for further proceedings consistent herewith. Appeal from order, same court and Justice, entered May 31, 2019, which directed plaintiff to produce the application for in camera review, unanimously dismissed, as superseded by the appeal from the order resolving the motion.
Victor served a written demand for plaintiff's T visa and application materials on October 22, 2018. Eight days later, plaintiff objected to production in writing, but did not specify any ground. Plaintiff did not raise the ground of privilege until March 2019, and never timely objected with particularity (see CPLR 3122[a][1]). Accordingly, plaintiff waived objection based on any ground other than privilege or palpable impropriety (see Recine v City of New York, 156 AD3d 836 [2d Dept 2017]; Anonymous v High School for Envtl. Studies, 32 AD3d 353, 358-359 [1st Dept 2006]).
The only ground which plaintiff advances, 8 USC § 1367, is not a privilege for purposes of CPLR 3101 or waiver under CPLR 3122 (see Joseph v Signal Intl. LLC, 2014 WL 12597592, at *6 [ED Tex 2014]). Nor does plaintiff assert that the document demand was palpably improper (cf. e.g. Duhe v Midence, 1 AD3d 279, 280 [1st Dept 2003]; Haller v North Riverside Partners, 189 AD2d 615, 616 [1st Dept 1993]).
Accordingly, plaintiff has waived her objections to disclosure of the T visa-related documents sought by Victor. We thus reverse and remand for further proceedings, including
imposition of any confidentiality order or other protections which Supreme Court, in its discretion, may deem appropriate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK