People v Tieno (2025 NY Slip Op 51543(U))

[*1]

People v Tieno

2025 NY Slip Op 51543(U) [87 Misc 3d 1211(A)]

Decided on September 22, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 22, 2025
Criminal Court of the City of New York, New York
County

The People of
the State of New York, Plaintiff,

against
Isabel Tieno, Defendant.

CR-013193-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Natalie Mishkin of
counsel), for plaintiff. 
Jeffrey Chablowe, New York City, for defendant.

Ilona B. Coleman, J.

By omnibus motion, the defendant moves for an order suppressing the results of a
chemical test of her breath (VTL 1194 [2] [b]); suppressing the fruits of her arrest
(Dunaway v New York, 442 US200 [1978]); suppressing a noticed statement
(People v Huntley, 15 NY2d [1965]); and precluding the People from
introducing evidence of prior bad acts at trial (People v Sandoval, 34 NY2d 371
[1974]; People v Molineux, 168 NY 264 [1901]). 
The motion to suppress the results of a chemical test of her breath is denied as moot.
The People state that the defendant refused to submit to a chemical test. The superseding
information also states that the defendant refused to submit to a chemical test, and a
refusal report was filed with the court at arraignments. As the People apparently do not
intend to introduce the results of a chemical test conducted pursuant to VTL § 1194
(2) at trial, the motion to suppress is moot. 
Next, the motion to suppress the noticed statement is granted to the extent that a
Huntley-Dunaway hearing will be conducted before trial. The defendant
has denied the allegations against her as well as the allegations contained in the
superseding information. She also denies that she was engaged in any "unlawful or
suspicious conduct," denies that she had driven in a "dangerous erratic or otherwise
suspicious manner," and denies that there was anything "suspicious about the condition
of the car." These allegations create an issue of fact that must be [*2]resolved at a pretrial hearing (CPL 710.60 [4]).[FN1]

Finally, the motion to preclude evidence of prior bad acts is referred to the trial court.
The People are directed to provide supplemental discovery to the defense as soon as
practicable and at least fifteen calendar days prior to the first scheduled trial date (CPL
245.20 [3]; CPL 245.10 [1] [b]). 
This constitutes the decision and order of the court.
Dated: September 22, 2025
New York, NY
Ilona B. Coleman, J.C.C.

Footnotes

Footnote 1:The court acknowledges
that the defendant's claim that she "has not been provided with police reports or other
information" about the case appears to be incorrect, as the People argue. The People have
already filed a certificate of compliance (COC), and the defendant has raised no
objection to the People's compliance with their discovery obligations. It may also be the
case, as the People suggest, that some of the allegations are incompatible with the
body-worn camera footage already provided to the defense, which defense counsel
should have reviewed before filing. At this stage, however, the court cannot make that
determination and thus cannot resolve the parties' contradictory factual allegations
without a hearing.