**Yumi Acupuncture, P.C. v 21st Century Ins. Co.**

2026 NY Slip Op 31066(U)

March 23, 2026

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-738094/18/KI

Judge: Sandra E. Roper

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS              PART 41            .
YUMI ACUPUNCTURE, P.C.,
a/a/o HENRY, SATISHE

                   *Plaintiff,*

         against-

21ST CENTURY INSURANCE COMPANY

                 *Defendant.*

|  |
|---|

Index No.       CV-738094-18/KI

Motion Cal. #
Motion Seq. # 1, 2

**DECISION AND ORDER**

Recitation as required by CPLR § 2219(a) of the
papers considered in review of this Motion:
**Papers:**
D's Notice of Motion and Affidavits Annexed……….1-2
P's cross-motion for SJ and Exhibits…………………3-4
D's Opposition……………………………………….5
P's Supplemental memo of law as requested by Court ..6
D's Supplemental memo of law as requested by Court ..7

     Upon the foregoing cited papers and after oral argument, This Court Decides and Orders, Defendant MID-CENTURY INSURANCE COMPANY, sued herein as 21st Century Insurance Company, Motion for Summary Judgment and to Amend the Caption to so reflect, and Plaintiff Yumi Acupuncture, P.C. Cross-Motion for Summary Judgment as follows:

### BACKGROUND AND PROCEDURAL POSTURE

     This is an action to recover assigned first-party New York No-Fault benefits for health-care services rendered to Plaintiff's assignor following a motor vehicle accident which occurred outside the State of New York on January 9, 2017.

     The motion record reflects that Defendant issued verification requests to Plaintiff's assignor dated January 12, 2017, and February 20, 2017, seeking a "Declaration of No Other Insurance," to determine primacy of coverage, as Plaintiff's assignor was not a listed party on the New York insurance policy which covered the vehicle. Following receipt of the bills in controversy, Defendant also sent delay letters dated February 20, 2017, and March 23, 2017, advising Plaintiff that claim processing would be delayed pending receipt of such Declaration from Plaintiff's assignor. Plaintiff contends that its provider affidavit sufficed to respond to any legitimate inquiry, however the post-assignment demand for an injured-party's Declaration of No Other Insurance was improper, and Defendant failed to timely pay or deny the claims. Whereas Defendant seeks dismissal on the theory that the claims were not ripe for suit as Plaintiff's purported verification response is not responsive for failure to provide the requested Declaration, rendering the claims open and pending in a delayed status.

### DISCUSSION

     Neither Plaintiff's purported provider affidavit verification response, nor Defendant's purported verification request for a Declaration of No Other Insurance are statutorily compliant nor proper. Although dated after the commencement of Defendant's motion, Plaintiff's purported verification response was not responsive to

[* 1]

Defendant's verification request solely for the Declaration of No Other Insurance. Nevertheless, Plaintiff's deficiency is of no moment where Defendant's verification request is neither material nor necessary for the processing and evaluation of the first-party New York No-Fault claims. A Declaration of No Other Insurance is neither material nor necessary, but rather an issue of interinsurer priority of payment, which as the sole request is dispositive herein, rendering Defendant's purported verification request a nullity. As such, Plaintiff was not required to provide verification responses thereto. Where, as here, there is a Primary Insurer which is the first to receive notice of No-Fault claim, and a potentiality of a Contingent Insurer whether unidentified, as herein, or identified, the dispute as to payor responsibility is not a material nor necessary basis for a Primary Insurer's verification request to toll the statutory 30-day time to pay or deny No-Fault claims.

Pursuant to Insurance Law § 5105 (b) mandatory arbitration is to be undertaken to resolve interinsurer disputes regarding responsibility for the payment of first-party benefits. The implementing regulations are equally as explicit. Pursuant to 11 NYCRR 65-3.12 (b) (1), where two or more insurers dispute which is responsible for payment of first-party benefits, "the first insurer to whom notice of claim is given shall be responsible for the payment of benefits." Pursuant to 11 NYCRR 65-4.11 (a) (6), controversies between insurers regarding "the responsibility or obligation to pay first-party benefits (i.e., priority or sources of payment pursuant to section 65-3.12)" are not coverage issues subject to verification requests upon medical providers seeking payment reimbursement. Rather, interinsurer coverage issues must be submitted to mandatory arbitration, without delay in the processing of the underlying first-party medical claims in furtherance of the No-Fault legislative intent for prompt resolutions. Precedential case law on this issue of competing interinsurer coverage is indeed scant.

Although not as yet addressed by the Second Department[1], the First Department's holding on this issue is encapsulated by a court of concurrent jurisdiction to This Court.

> "Where an insurer's denial raises a defense that another insurer is responsible for paying first-party benefits, the defense must be resolved through mandatory intercompany arbitration, not by way of a claimant's plenary no-fault action; in an action to recover first-party No-Fault benefits, the first insurer to whom notice of proof of claim was given is obligated to pay the benefits irrespective of any issues relating to the priority or source of payment." (*Country-Wide Ins. Co. v Bronx Chiropractic Rehabilitation P.C.*, 2021 NY Misc LEXIS 60240 [Sup Ct, NY County Mar. 31, 2021, No. 650051/2021], citing *M.N. Dental Diagnostics, P.C. v Govt. Empls. Ins. Co.*, 81 AD3d 541 [1st Dept 2011], *aff'd*, 24 Misc3d 43 [App. Term 1st Dept. 2009]).

In further clarification of this interinsurer coverage issue, which is deemed immaterial to the processing of the claim and in and of itself cannot delay a medical provider's No-Fault plenary action without a distinct other proper defense alleged, the First Department held:

> "Insofar as defendant sought discovery pertaining to its affirmative defense that another insurance carrier was primarily liable, the information was immaterial and, in result, the demands were palpably improper since defendant cannot properly rely on this defense as a basis to deny plaintiff's no-fault claim. Nor has defendant set forth any case-specific allegations in support of its defense that plaintiff was fraudulently incorporated so as to justify discovery on this issue. Defendant 'will not be allowed to use pretrial discovery as a fishing expedition when they cannot set forth a reliable factual basis for what amounts to, at best, mere suspicions'" (*Pomona Med. Diagnostic P.C. v*

---

[1] Defendant errs in its argument that First Department holdings are not binding upon the Second Department. Rather, where there are no contrary Second Department holdings on the specific issue of law as herein, *stare decisis* dictates that the First Department is controlling (*Mtn. View Coach Lines, Inc. v Storms*, 102 AD2d 663, 664-665 [2d Dept 1984]).

[* 2]

*Adirondack Ins. Co.*, 36 Misc 3d 127[A], 2012 NY Slip Op 51165[U] [App Term 2012], quoting *Devore v Pfizer, Inc.,* 58 AD3d 138 [1st Dept 2008], *lv denied* 12 NY3d 703, 904 NE2d 841, 876 NYS 2d 704 [2009], citing *Duhe v Midence*, 1 AD3d 279, 767 NYS 2d 585 [2003]; 11 NYCRR 65-3.12[b]; *M.N. Dental Diagnostics, P.C. v. Government Employees Ins. Co*., 81 AD3d 541, 916 NYS 2d 598 [2011]).

In this instant matter, Defendant is the Primary Insurer upon which the proof of claim was first served. Consequently, it is statutorily mandated to process the plenary claim as if it is the sole insurer to resolution maintaining all the available proper defenses. The potentiality that there may be a Contingent Insurer whether unidentified, as here, or identified is not a defense to the No-Fault claim and does not foreclose nor delay the Primary Insurer's statutory responsibility to fully process the first-party claims to completion. Either thereafter or concurrently but separate and apart from the underlying claims, Primary Insurer may pursue its interinsurer quasi-subrogation claim in mandatory arbitration as against a Contingent Insurer. However, medical provider claimants are walled off from interinsurer coverage disputes to avoid encroaching on the No-Fault Law's legislative intent for prompt resolutions. It is emphatically reiterated; the Primary Insurer maintains all the very same defenses as if there were no interinsurer coverage payor dispute. Thus, Defendant here as Primary Insurer, may have properly issued verification requests for its alternative defense of fee-schedule which would have indeed required Plaintiff Provider to issue timely proper verification responses. To its detriment, Defendant failed to do so. Defendant's verification request solely for the Declaration of No Other Insurance is statutorily improper. Whereas its alternative fee schedule defense which may have salvaged the material and necessary prongs for a proper verification request by Defendant to toll the claims, was not included. Since the proper fee-schedule defense was available but not included in Defendant's verification request, the fee schedule defense falls as well for being untimely in violation of the 30-Day Rule. Notably, since the services herein were rendered post April 1, 2013, 11 NYCRR 65-3.8 (g) (1) (ii) has been held by trial courts of concurrent jurisdiction to render fee-schedule a non-precludable defense contravening the 30-Day Rule. Although at times considered persuasive legislative interpretations, these holdings are not binding precedential s*tare decisis* case law. This Court disagrees with these legislative interpretations and is not bound by these holdings. The legislature had the opportunity to explicitly state fee-schedule is a non-precludable defense and failed to do so.[2] Thus, followed herein is the well-established 30-Day Rule to timely pay, toll or deny, which Defendant did neither.

For the foregoing reasons, it is:

**ORDERED, ADJUDGED, AND DECREED**

ORDERED, that as no prejudice has been shown to the Plaintiff, the branch of Defendant's Motion seeking to Amend The Caption is GRANTED, so that the named Defendant in this case shall be changed to MID-CENTURY INSURANCE COMPANY to reflect Defendant's proper name. The amendment is to take effect immediately without need for service of further papers. All papers previously filed are deemed amended without need for service of further papers.

ORDERED, that the branch of Defendant's Motion seeking summary judgment is DENIED in its entirety.

ORDERED, that the Court holds, as a matter of law, that where Defendant was the first insurer to receive notice and proof of claim, Defendant was required to process and pay the provider's claim irrespective of any

---

[2] "Moreover, if legislature intended with this amendment to render fee schedule defense as non-precludable, as had been done previously for the coverage defense, it would have in plain language stated so specifically. The legislature did not do so" (*Blano Med., P.C. v Hereford Ins. Co*, 87 Misc 3d 1211[A], 2025 NY Slip Op 51540[U] [Civ Ct, Kings County 2025]).

[* 3]

interinsurer dispute over priority or source of payment, subject only to any separate and properly preserved defense independent of the mere possibility that another insurer may be responsible.

ORDERED, that any dispute between Defendant and any other insurer concerning the priority or source of payment of first-party benefits must be resolved through mandatory intercompany arbitration pursuant to Insurance Law § 5105 (b), 11 NYCRR 65-3.12 (b), and 11 NYCRR 65-4.11 (a) (6), and not by withholding or delaying payment to Plaintiff in this plenary no-fault action.

ORDERED, that Defendant's requests and delay letters seeking a "Declaration of No Other Insurance" did not toll the thirty-day pay-or-deny period, and do not render this action premature.

ORDERED, that Plaintiff's Cross-Motion for Summary Judgment is GRANTED to the extent that judgment shall be entered in favor of Plaintiff and against Defendant on the claims at issue in the motion record.

ORDERED, that Plaintiff is entitled to entry of judgment for the principal amount of unpaid no-fault benefits recoverable on the claims at issue, together with statutory interest, attorney's fees, costs and disbursements as provided by law.

This constitutes the Decision, Opinion and Order of This Court.

*"The undersigned attorneys certify that upon due diligence none of their firm's papers as pertains to case law associated with this case or this motion, and upon information and belief, none of the associated papers that were drafted post January 1, 2022, used generative artificial intelligence programs."*

P's Counsel- The Rybak Firm, PLLC- Richard Rozhik, Esq. / RR
D's Counsel- Law Offices of Rothenberg and Romanek. – Jennifer Joseph, Esq / JJ

_____
March 23, 2026
**DATE**

_____
**HON. SANDRA E. ROPER**

| **CHECK ONE:** | X | **CASE DISPOSED** | | | | **NON-FINAL DISPOSITION** | | |
| **MOTION SEQ. #:** | | **GRANTED** | X | **DENIED** | | **GRANTED IN PART** | | **OTHER** |
| **MOTION SEQ #2:** | X | **GRANTED** | | | | | | |
| **CHECK IF APPROPRIATE:** | | **SETTLE ORDER** | | | | **SUBMIT ORDER** | | **STAY CASE** |
| | | **INCLUDES TRANSFER/REASSIGN** | | | | **FIDUCIARY APPOINTMENT** | | **REFERENCE** |
| **NOTES** | | | | | | | | |

ENETERED - Kings Civil Court
3/23/2026, 3:26:40 PM